IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-02777-RBJ

PATRICK MENKE,

    Plaintiff,

v.

CRAWFORD & COMPANY, a Global Corporation headquartered in Georgia and
JON J. EGUROLLA, individually and in his official capacity as Vice President and Managing Director,

    Defendants.

---

ORDER ON THE MOTION FOR RECONSIDERATION

---

This matter is before the Court on defendants' motion for reconsideration (ECF No. 39) following this Court's order partially denying summary judgment. Plaintiff has not responded. The motion for reconsideration is GRANTED.

## I.    BACKGROUND

On March 21, 2017 plaintiff Patrick Menke was hired by defendant Crawford & Company (Crawford) as an executive general adjuster (EGA) in its Denver office. ECF No. 1. Plaintiff's direct supervisor was defendant Jon Egurolla, Crawford's vice president and managing director for the western region. ECF No. 33. In October 2017, following Hurricane Maria, plaintiff volunteered for deployment in Puerto Rico. *Id.* He was to remain in Puerto Rico on an "as needed" basis. ECF No. 33-2 at 98.

Shortly after he arrived in Puerto Rico, he fell behind on reporting his hours—at times he was months behind on billing. *Id.* at 112. He also failed to timely correspond with clients, and

clients complained. *See, e.g.*, *id.* at 35. Mr. Egurolla advised plaintiff about these issues first in August 2017 and then again in writing on October 25, after his arrival in Puerto Rico. *Id.* at Ex. 16. Plaintiff admits he was behind on billing. *See id.* Mr. Egurolla gave plaintiff a written performance evaluation on February 21, 2018 that documented these and similar issues. *Id.* at Ex. 18. Plaintiff says that at his performance review, Mr. Egurolla told him that he would raise plaintiff's ranking to a 3.0, which made him eligible to receive a bonus under the ICP. *Id.* at 100. Plaintiff also contends that Mr. Egurolla told him that he would be getting his bonus. *Id.* Mr. Egurolla contends that he never made such a promise. ECF No. 33-1 at ¶9.

Mr. Egurolla issued plaintiff a Personal Improvement Plan (PIP) on March 30. *Id.* at Ex. 24. Under the terms of the ICP program, employees on a PIP are not eligible to receive bonuses. *Id.* at Ex. 11. Plaintiff contends he was placed on the PIP solely because the company and Mr. Egurolla wanted to deprive him of his bonus. On May 4, 2018, Crawford fired Mr. Menke because of the problems with his billing and client communications. *Id.* at ¶15.

## II.   STANDARD OF REVIEW

The Court treats the motion for reconsideration as a motion under Rule 59(e) to alter or amend the order. Rule 59(e) is not a vehicle to revisit issues already decided by the Court or to raise issues that could have been raised previously. *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018). Grounds for granting a Rule 59(e) motion include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

### III.   ANALYSIS

Defendants argue that the Court clearly erred when it found that there remained genuine issues of material fact on plaintiff's claims for breach of contract, bad faith, and promissory estoppel. On further reflection and examination of the record, I agree.

Specifically, defendants argue that there is insufficient evidence for a reasonable factfinder to conclude that Mr. Egurolla had apparent authority to act on behalf of the CEO. ECF No. 39 at 6–8.

Apparent authority can be shown by "written or spoken words or other conduct of the principal which, reasonably interpreted, causes a person to believe that the principal consents to have the act done on his behalf by a person purporting to act for him." *Lucero v. Goldberger*, 804 P.2d 206, 209 (Colo. App. 1990). The doctrine of apparent authority exists to protect third parties who relied upon their good faith belief that an agency relationship existed between the apparent principal and agent. *Sigel-Campion Live Stock Comm'n Co. v. Ardohain*, 207 P. 82, 83 (Colo. 1922). "An agent can make the principal responsible for his or her actions if the agent is acting pursuant to apparent authority, regardless of whether the principal has knowledge of the agent's conduct." *Rush Creek Sols., Inc. v. Ute Mountain Ute Tribe*, 107 P.3d 402, 407 (Colo. App. 2004).

Here, I find that there is insufficient evidence of any spoken words or other conduct of the principal, in this case, the CEO, for a reasonable factfinder to conclude that Mr. Menke believed that the principal consented to Mr. Egurolla's alleged actions. Mr. Menke failed to present evidence that the CEO of Crawford ever said or wrote anything that would give him reason to believe that Mr. Egurolla was his agent. If plaintiff did not believe Mr. Egurolla had been authorized to act on the CEO's behalf, then plaintiff had no reason to believe any promises of a bonus made to him by Mr. Egurolla. Thus, I agree with defendants; upon reconsideration,

summary judgment is appropriate on plaintiff's claims for breach of contract, bad faith, and promissory estoppel. Plaintiff failed to present enough evidence to create genuine issues of material fact on these issues.

## ORDER

Defendants' motion for reconsideration, ECF No. 39, is GRANTED. Plaintiff's claims for breach of contract, bad faith, and promissory estoppel are dismissed. With this order, all of plaintiff's claims have been dismissed and thus the case is dismissed.

DATED this 14th day of January, 2022.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge